# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THOMAS J. BARTELHO, | ) |
| | ) |
| Petitioner, | ) |
| vs. | )  No. 2:12-cv-139-JMS-WGH |
| | ) |
| CHARLES LOCKETT, Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Motion for Temporary Restraining Order**

The petitioner, a federal prisoner, seeks the issuance of a temporary restraining order.

**I.**

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

## II.

### A.

Thomas Bartelho is a federal inmate who was confined within this District when this action for habeas corpus relief was filed. He has recently been transferred to the Atwater United States Penitentiary in California. The habeas action has progressed to the point that an answer to the petition for a writ of habeas corpus has been filed and it is now up to Bartelho to file a reply.

The motion for temporary restraining order referenced above was signed by Bartelho on June 4, 2012, but was not filed with the clerk until September 5, 2012. The respondent has filed a response to the motion, which has been considered on an expedited basis.

### B.

There are four specific requests sought in the motion, but relate to only two themes.

- The first request, occupying a theme of its own, is Bartelho's request that he be freed from what he characterizes as continued illegal custody. This request is improper in the form presented because that is the claim in the habeas petition. That claim cannot properly be pretermitted by motion practice. Furthermore, even if procedurally proper the request for release would be denied at this point because he has failed to meet his burden of demonstrating that he is held in custody in violation of the Constitution, laws, or treaties of the United States. See *Rose vs. Hodges,* 423 U.S. 19, 21 (1975)(AA necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.@).

- The second theme of the motion for temporary restraining order relates to his possible transfer to another facility. That had already occurred when the motion was filed with the clerk. The three facets of this second theme are each moot. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

The Bureau of Prisons has the discretion to place and keep the petitioner in "any available penal or correctional facility . . . ." 28 U.S.C. § 3621(b). The authority to use that discretion is not suspended while habeas litigation is ongoing in a district court. Even though Bartelho has been transferred to a facility outside the Southern

District of Indiana, this court retains jurisdiction over the matter. *See Al-Marri v. Rumsfeld,* 360 F.3d 707, 708-09 (7th Cir. 2004); *Miller v. United States,* 2004 WL 887420, at *1 (E.D.Pa. Apr. 23, 2004) (holding that district court where habeas petition was filed retained jurisdiction after federal prisoner was transferred to federal correctional facility in another district).

Thus, the motion for temporary restraining order does not seek relief which this court can or should grant.

### C.

The motion for a temporary restraining order [13] is **denied**.

### D.

Bartelho's ancillary motion to clarify [14] is **denied as unnecessary** because the matters referred to therein have been treated as motions, not as mere letters.

**IT IS SO ORDERED.**

Date: 09/14/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas Bartelho
Reg. No. 03371-036
Atwater U.S.P
Inmate Mail/Parcels
P.O. Box 019001
Atwater, CA 95301

Gerald.coraz@usdoj.gov