# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THOMAS J. BARTELHO, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:12-cv-139-JMS-WGH |
| ) | |
| CHARLES LOCKETT, Warden, ) | |
| ) | |
| Respondent. ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition for writ of habeas corpus of Thomas Bartelho must be denied and this action dismissed with prejudice.

## Background

Bartelho was convicted in the United States District Court for the District of Maine of three counts of armed bank robbery (18 U.S.C. §§ 2113(a) and (d)), three counts of using a firearm in a crime of violence (18 U.S.C. § 924(c)), and one count of robbery affecting commerce (18 U.S.C. § 1951). *See United States v. Bartelho*, 129 F.3d 663, 667 (1st Cir. 1997). The underlying prosecution was docketed in the trial court as No. cr:95-50-PH. His motion for relief pursuant to 28 U.S.C. § 2255 was denied in *United States v. Bartelho*, 2000 WL 761787 (D.Me. Jan. 3, 2000). That decision was affirmed on appeal in 2001. *See Bartelho v. United States*, 13 Fed. Appx. 12 (1st Cir. 2001) (unpublished), and the Supreme Court denied Bartelho's petition for certiorari review in *Bartelho v. United States*, 535 U.S. 1006 (2002).

Bartelho was recently confined in this District and while here filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks habeas relief based on his contention that his conviction is invalid. This contention, in turn, is based on the fact that the written judgment in No. cr:95-50-PH does not contain the words "adjudge, adjudged, adjudicate, adjudicated, or adjudication." Bartelho also alleges that the district court judge never used those words when he pronounced Bartelho's sentence.

**Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Following Bartelho's direct appeal, he filed a motion for relief pursuant to 28 U.S.C. § 28 U.S.C. § 2255. That motion was denied in 2000 as noted above. That motion provided Bartelho with all the opportunity the law contemplates. His motion was denied. He is not entitled to use § 2241 for another bite at the post-conviction apple.

**Conclusion**

Bartelho has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/26/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas Bartelho
Reg. No. 03371-036
Atwater U.S.P
Inmate Mail/Parcels
P.O. Box 019001
Atwater, CA 95301

Gerald.coraz@usdoj.gov